PENN TRAFFIC COMPANY, RIVER-
SIDE DIVISION, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 75–1986.

United States Court of Appeals,
Sixth Circuit.

Oct. 13, 1976.

Irving O. Murphy, MacDonald, Illig, Jones & Britton, Erie, Pa., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Michael Messitte, Washington, D. C., for respondent.

Before McCREE, LIVELY and ENGEL, Circuit Judges.

ORDER

This matter is before the court on a petition to review and set aside an order of the National Labor Relations Board (the Board) and the cross-application of the Board seeking enforcement of its order. The order and decision of the Board is reported at 219 NLRB No. 35.

The Board determined that five newly acquired retail food stores did not constitute a true bargaining accretion to the 29 stores already operated by the petitioner. The preexisting 29 stores were covered by a collective bargaining agreement between petitioner and United Food Handlers Union (the Union). The Board found that petitioner committed unfair labor practices in recognizing the Union as bargaining representative of the employees of the five newly acquired stores before a majority of these employees had selected the Union and applying the provisions of the collective bargaining agreement with the Union requiring employees of the newly acquired stores to join the Union as a condition of employment.

Petitioner contends that the Board abused its discretion and denied petitioner a fair determination by making findings of fact contrary to those stipulated by the Board and petitioner. The stipulation was not presented as the only evidence in the case. An administrative law judge conducted a hearing and the evidence produced at the hearing supplemented the stipulation. Moreover, there appear to have been inconsistencies within the stipulation itself.

By finding that the newly acquired stores did not constitute an accretion and are an appropriate separate bargaining unit, the Board guaranteed to the new employees of petitioner an opportunity to choose a representative rather than being bound by the choice previously exercised by the employees of previously owned stores. We find no abuse of discretion in the action of the Board and hold that its finding that the

newly acquired stores do not constitute an accretion is supported by substantial evidence on the entire record.

The order of the Board is enforced.